UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michelle Rene Fitzpatrick,

                        Plaintiff,

                                              Civ. No. 09-1954 (RHK/JJK)
                                              **ORDER**

v.

Hennepin County,

                        Defendant.

Jennie M. Brown, Brown Law Office, Eden Prairie, Minnesota, for Plaintiff.

Beverly J. Wolfe, Hennepin County Attorney's Office, Minneapolis, Minnesota, for Defendant.

      This matter is before the Court *sua sponte*.

      Plaintiff Michelle Rene Fitzpatrick commenced this employment-discrimination action against her former employer, Hennepin County, Minnesota (the "County"), on July 28, 2009. Along with her Complaint, she filed an application to proceed *in forma pauperis* ("IFP"). The IFP application was granted by Magistrate Judge Keyes on August 3, 2009 (Doc. No. 4). As a result, service of process was to be completed by the United States Marshal's Service, "as directed by the plaintiff." (Id.)

      By letter dated August 4, 2009, the Clerk of the Court advised Fitzpatrick's counsel, Jennie Brown, Esq., that the IFP application had been granted. (See Doc. No. 5.) The letter required Brown to "complete the enclosed U.S. Marshal Service Form(s) . . . and return [them]" to the Clerk's office. (Id.) The letter expressly noted that "*service*

*cannot be performed until these completed forms have been received by the Clerk's Office.*" (Id. (emphasis added).)

Nevertheless, four months passed without any action by Brown. Accordingly, on December 7, 2009, Magistrate Judge Keyes issued an Order (Doc. No. 6) requiring Brown to show cause why this action should not be dismissed for failure to effect service within 120 days, as required by Federal Rule of Civil Procedure 4(m). Brown responded on December 23, 2009 (Doc. No. 7), asserting that the failure to return the forms was "an oversight" caused by the illness of several family members, a busy caseload, and "a colonoscopy examination . . . in which [she] was given an anesthetic which has an amnesia effect." (Id.) Succinctly stated, she claimed that this "case became lost in the matters because of my work load and personal health matters." (Id.)

As reflected in his subsequent Order, Magistrate Judge Keyes was somewhat dubious of Brown's explanations, noting that he was "well aware of her prior history with being dilatory in her filings with the Court." (Doc. No. 8 at 2.)[1] Nevertheless, he gave Brown the benefit of the doubt and did not recommend the dismissal of this case, instead giving her an additional 30 days to return the necessary forms. (Id.) She did so a short time later, and the Marshal's Service then effected service on the County.

On January 14, 2010, the County moved to dismiss, arguing, *inter alia*, that Brown had failed to effect service within 120 days as required. The County noticed its Motion for a hearing on April 8, 2010. (See Doc. No. 11.) Two days before the response to the

---

[1] Some of that "prior history" is set forth in more detail below.

2

Motion was due,[2] Brown contacted the undersigned's calendar clerk and requested an extension of time to file her opposition, asserting that her brother had recently passed away and that she had been unable to timely prepare her brief. Despite having heard similar excuses from Brown in the past, this Court granted the request and re-scheduled the hearing on the County's Motion to May 5, 2010, making the opposition due on or before April 14, 2010. The County then served a revised Notice of Motion (Doc. No. 15) reflecting the new hearing date.

The (revised) deadline for filing an opposition brief has now come and gone with nothing having been filed by Brown. The question, then, is: what now? In the Court's view, the appropriate course of action at this juncture is to dismiss the Complaint.

"It is well settled . . . that a federal court has inherent power to dismiss a civil case for want of prosecution." Grunewald v. Mo. Pac. R.R. Co., 331 F.2d 983, 985 (8th Cir. 1964) (Blackmun, J.) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962)); see also Fed. R. Civ. P. 41(b). Whether to dismiss an action for failure to prosecute is entrusted to the Court's discretion. E.g., Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998); Grunewald, 331 F.2d at 985. In exercising that discretion, the Court must focus on the facts and circumstances of the particular case. E.g., Wright v. Sargent, 869 F.2d 1175, 1176 (8th Cir. 1989) (*per curiam*); Navarro v. Chief of Police, Des Moines, Ia., 523 F.2d 214, 217 (8th Cir. 1975) (*per curiam*). Dismissal is appropriate where the record reflects "a pattern of intentional delay by the plaintiff."

---

[2] Pursuant to Local Rule 7.1(b), the response was due on March 18, 2010 (approximately two months after the Motion was served and filed).

Garrison v. Int'l Paper Co., 714 F.2d 757, 760 (8th Cir. 1983); accord, e.g., Navarro, 523 F.2d at 217-18.

Given the history set forth above, the Court concludes that Brown has "fail[ed] to diligently prosecute [this] action," Boyle v. Am. Auto Serv., Inc., 571 F.3d 734, 739 (8th Cir. 2009), warranting its dismissal. Indeed, this case has been fraught with delay from the outset. Service was not effected within 120 days of commencement of the action, and there is no dispute that such delay was caused by Brown. Only after Magistrate Judge Keyes prodded her to act was service completed. Then, when the County moved to dismiss, she made a very late (although admittedly not untimely) request for an extension. The Court assented, despite being somewhat incredulous of Brown's professed reasons for the request, and it rescheduled the hearing to afford her more time to submit an opposition. Despite that opportunity, she has failed to file any opposition to the County's Motion. Under these circumstances, the Court concludes that dismissal is appropriate because Brown has intentionally delayed the advancement of this case. See, e.g., id.; Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 528 (8th Cir. 2000) (affirming dismissal following "pattern of dilatory conduct").

The Court must next decide whether the dismissal should be with or without prejudice. A district court enjoys the authority to dismiss a claim with prejudice for failure to prosecute, see, e.g., Link, 370 U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be disputed."), and the Court strongly considered doing so here. The Eighth Circuit has repeatedly affirmed the dismissal of cases with prejudice for failure to

4

prosecute where the facts demonstrated repeated, undue delay by the plaintiff.  See, e.g., Garrison, 714 F.2d at 760.  And while it might seem harsh to dismiss this case with prejudice due to delays occasioned by Brown, Fitzpatrick's counsel, rather than by Fitzpatrick herself, a "party chooses counsel at his or her peril."  Glover v. McDonnell Douglas Corp., 150 F.3d 908, 909 (8th Cir. 1998) (citation omitted).  Hence, Fitzpatrick has bound herself to Brown's actions (or, more accurately, inactions), and she must "live or die by th[at] conduct."  Omaha Indian Tribe v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1471 (8th Cir. 1991) (*per curiam*); accord, e.g., Glover, 150 F.3d at 909-10.  Notably, Link – the seminal case concerning dismissal for failure to prosecute – rejected the "contention that dismissal of [the plaintiff's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."  370 U.S. at 633.

Nevertheless, the Court recognizes that dismissal with prejudice is an "extreme sanction" to be used sparingly, in the face of only the most egregious misconduct.  E.g., Siems v. City of Minneapolis, 560 F.3d 824, 826 (8th Cir. 2009); Smith v. Gold Dust Casino, 526 F.3d 402, 405 (8th Cir. 2008).  Moreover, cases dismissed with prejudice for failure to prosecute typically involve longer delays than present here, as well as other willful misconduct, such as the failure to obey court orders.  And, the Court is not convinced that dismissal without prejudice would be ineffective in curing Brown's dilatoriness.  See, e.g., Siems, 560 F.3d at 826 (before dismissing case with prejudice for failure to prosecute, district court should consider whether less-severe sanction is appropriate); Smith, 526 F.3d 405-06 (same).  For these reasons, the Court determines

5

that the "total extinction of [Fitzpatrick's] cause of action" is not justified at this juncture, and it will dismiss the Complaint without prejudice. Rodgers, 135 F.3d at 1222.

The Court pauses to note, however, that it is extremely troubled by Brown's conduct. As alluded to above, this is not the Court's first encounter with her; charitably speaking, she is a serial late-filer. The Court's docket is replete with instances in which she has failed to timely effect service of process or has sought continuances or extensions due to being "overwrought with filings, hearings and motions." (Doc. No. 25 in Fox v. Zumbro House, Inc., Civ. No. 08-4926.) At times, she has pointed to family illnesses, attention to other cases, medical procedures, vacations, and the like to request additional time to comply with Court-imposed deadlines. (See, e.g., Doc. No. 7 in this action; Doc. No. 12 in Estate of Potter v. Tennant Corp., Civ. No. 09-485; Doc. No. 26 in Butler v. Indep. Sch. Dist. No. 271, Civ. No. 08-5196; Doc. No. 25 in Fox, supra; Doc. No. 10 in Finn v. Hennepin County, Civ. No. 08-814.) None of these excuses constitutes good cause for repeated delays. See Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1048 (8th Cir. 2010) (attorney's preoccupation with other work insufficient); Glover, 150 F.3d at 909 (counsel's "exigent personal circumstances" no excuse for failure to respond to motion); In re Bithoney, 486 F.2d 319, 323 (1st Cir. 1973) (sanctioning attorney for repeated delays despite physical impairment affecting his eyesight, which made it difficult to complete work in a timely fashion); Braithwaite v. Johns Hopkins Hosp., 160 F.R.D. 75, 78 (D. Md. 1995) ("[R]ecognition of illness or death in the family as 'good

cause' to delay compliance . . . would tread a perilous path.").[3] The judges of this Court, nevertheless, have bent over backwards to accommodate her. Moreover, her dilatoriness has prejudiced her clients, including several who were deprived of their day in court altogether. (See Villafranca v. Nor-ell, Inc., Civ. No. 09-2880 (Ericksen, J., adopting Report and Recommendation of Noel, M.J.) (dismissing Complaint where Brown failed to effect service of process on defendants within 120 days of commencement of action); David v. Cretex Cos., Civ. No. 09-1347 (Schiltz, J.) (same); Fox, supra (Keyes, M.J.) (dismissing action where Brown failed to file stipulation to substitute named-plaintiff's wife following his death); J.M. v. Hopkins Sch. Dist., Civ. No. 01-2124, 2003 WL 41639, at *4 (D. Minn. Jan. 3, 2003) (Davis, J.) (dismissing claims against certain defendants for failure to effect service within 120 days); see also Johnson v. Navitor/Cosco Cos., Civ. No. 09-2841 (pending motion to dismiss based on Brown's failure to effect service within 120 days; no opposition to motion has been filed).)

The Supreme Court has recognized that

> [m]embership in the bar is a privilege burdened with conditions. [An attorney is] received into that ancient fellowship for something more than private gain. He [becomes] an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice. As an officer of the court, a member of the bar enjoys singular powers that others do not possess; by virtue of admission, members of the bar share a kind of monopoly granted only to lawyers. . . . [A] license [to practice law] requires members of the bar to conduct themselves in a manner compatible with the role of courts in the administration of justice.

---

[3] This is not to suggest that such reasons are never sufficient to merit an extension or continuance. But like the boy who cried "Wolf!", Brown's *repeated* invocation of these excuses had tainted her credibility.

In re Snyder, 472 U.S. 634, 644-45 (1985) (internal quotation marks and citations omitted). By repeatedly delaying the progress of litigation pending before this Court, to the detriment of her clients, Brown has failed to conduct herself in a manner compatible with the role of courts in the administration of justice. See, e.g., SEC v. First Am. Bank & Trust Co., 481 F.2d 673, 675 n.3 (8th Cir. 1973) ("[J]ustice delayed is justice denied."). The legal profession as a whole is harmed by such conduct, because it "subjects the profession to severe scrutiny and criticism and contributes to the public's general mistrust of attorneys." In re Disciplinary Action Against Geiger, 621 N.W.2d 16, 24 (Minn. 2001) (*en banc*) (*per curiam*).

In addition, Brown's conduct may well have violated the standards governing the practice of law in Minnesota. Minnesota Rule of Professional Conduct 3.2 obligates a lawyer to "make reasonable efforts to expedite litigation consistent with the interests of the client." Similarly, Rule 1.3 requires an attorney to "act with reasonable diligence and promptness in representing a client." Perhaps most notably, comment 2 to Rule 1.3 states that "[a] lawyer's work load *must be controlled so that each matter can be handled competently*." (emphasis added).[4] The examples set forth above raise serious doubts whether Brown has adhered to these standards.

The undersigned cannot, and will not, countenance such behavior, now or in the future, and will not hesitate to use the tools at the Court's disposal to attempt to curb such conduct. In particular, Brown should consider herself forewarned that further untimely

---

[4] This Court has adopted the Minnesota Rules of Professional Conduct to govern attorneys appearing before it. See D. Minn. LR 83.6(d).

filings or requests for extensions, without adequate showings of good cause, may be met with sanctions under 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, and/or the Court's inherent powers. The Court may also refer her for discipline under Local Rule 83.6(e), which could result in her suspension or disbarment from practice in this Court, and/or refer her to the Minnesota Office of Lawyers Professional Responsibility for appropriate disciplinary proceedings.

To be clear: the Court takes no pleasure in issuing such a public admonition to Brown. Given her prodigious history of delay, however, it feels it has no other choice, both to protect the administration of justice and Brown's prospective clients. It is the Court's firm hope that this "shot across the bow" does the trick and that its sanction arrows will remain safely quivered in the future.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute;

2. Defendant's pending Motion to Dismiss (Doc. No. 10) is **DENIED** as moot, and the hearing on Defendant's Motion, currently scheduled for May 5, 2010, is **CANCELED**;

3. Brown is **ORDERED** to mail a copy of this Order to Plaintiff Michelle Rene Fitzpatrick within 5 days of the date hereof. She is further **ORDERED** to file an Affidavit certifying that she has done so, along with proof of mailing, on or before May

3, 2010.  **Failure to comply may result in the imposition of sanctions as discussed above**; and

    4.    A copy of this Order will be distributed to all Judges of this Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: April 21, 2010

                          s/Richard H. Kyle
                          RICHARD H. KYLE
                          United States District Judge